The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11    JEREMY CONKLIN, D.O., an individual,        CASE NO. 2:18-cv-00090

12                                                **STIPULATED [PROPOSED]**
                     Plaintiff,                   **PROTECTIVE ORDER**
13

14            v.

15    UNIVERSITY OF WASHINGTON
      MEDICINE, et al.,
16
                     Defendant.
17

18    1.      PURPOSES AND LIMITATIONS

19            Discovery in this action is likely to involve production of confidential, proprietary, or

20    private information for which special protection may be warranted. Accordingly, the parties

21    hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

22    parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

23    protection on all disclosures or responses to discovery, the protection it affords from public

24    disclosure and use extends only to the limited information or items that are entitled to

25    confidential treatment under the applicable legal principles, and it does not presumptively entitle

26    parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Any portions of applications to graduate medical education programs, applications for hospital privileges, personnel files, and other documents that contain sensitive and/or personal identifying information, including but not limited to social security numbers, sensitive personal information, performance evaluations, and recommendation letters;

- Competitively sensitive and/or proprietary information, such as strategy documents showing thought processes and decision making about services, business plans, and/or third-party negotiations;

- Intellectual property, including trade secrets, formulas, technology, designs, processes and production methods.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential

1  material must be stored and maintained by a receiving party at a location and in a secure manner

2  that ensures that access is limited to the persons authorized under this agreement.

3     4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

4  ordered by the court or permitted in writing by the designating party, a receiving party may

5  disclose any confidential material only to:

6       (a)    the receiving party's counsel of record in this action, as well as employees

7  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8       (b)    the officers, directors, and employees (including in house counsel) of the

9  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12       (c)    experts and consultants to whom disclosure is reasonably necessary for

13  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14  A);

15       (d)    the court, court personnel, and court reporters and their staff;

16       (e)    copy or imaging services retained by counsel to assist in the duplication of

17  confidential material, provided that counsel for the party retaining the copy or imaging service

18  instructs the service not to disclose any confidential material to third parties and to immediately

19  return all originals and copies of any confidential material;

20       (f)    during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

23  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

24  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

25  under this agreement;

26       (g)    the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information.

1      4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
2 referencing such material in court filings, the filing party shall confer with the designating party
3 to determine whether the designating party will remove the confidential designation, whether the
4 document can be redacted, or whether a motion to seal or stipulation and proposed order is
5 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
6 standards that will be applied when a party seeks permission from the court to file material under
7 seal.

8 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

9      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party
10 or non-party that designates information or items for protection under this agreement must take
11 care to limit any such designation to specific material that qualifies under the appropriate
12 standards. The designating party must designate for protection only those parts of material,
13 documents, items, or oral or written communications that qualify, so that other portions of the
14 material, documents, items, or communications for which protection is not warranted are not
15 swept unjustifiably within the ambit of this agreement.

16      Mass, indiscriminate, or routinized designations are prohibited. Designations that are
17 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
18 unnecessarily encumber or delay the case development process or to impose unnecessary
19 expenses and burdens on other parties) expose the designating party to sanctions.

20      If it comes to a designating party's attention that information or items that it designated
21 for protection do not qualify for protection, the designating party must promptly notify all other
22 parties that it is withdrawing the mistaken designation.

23      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
24 agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
25 ordered, disclosure or discovery material that qualifies for protection under this agreement must
26 be clearly so designated before or when the material is disclosed or produced.

1          (a)    Information in documentary form: (*e.g.*, paper or electronic documents

2 and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

3 proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

4 contains confidential material. If only a portion or portions of the material on a page qualifies for

5 protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

6 making appropriate markings in the margins).

7          (b)    Testimony given in deposition or in other pretrial proceedings: the parties

8 and any participating non-parties must identify on the record, during the deposition or other

9 pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

10 testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

11 receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

12 transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect

13 confidential information at trial, the issue should be addressed during the pre-trial conference.

14          (c)    Other tangible items: the producing party must affix in a prominent place

15 on the exterior of the container or containers in which the information or item is stored the word

16 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

17 the producing party, to the extent practicable, shall identify the protected portion(s).

18    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

19 designate qualified information or items does not, standing alone, waive the designating party's

20 right to secure protection under this agreement for such material. Upon timely correction of a

21 designation, the receiving party must make reasonable efforts to ensure that the material is

22 treated in accordance with the provisions of this agreement.

23 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

24    6.1    Timing of Challenges. Any party or non-party may challenge a designation of

25 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

26 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

1   challenge a confidentiality designation by electing not to mount a challenge promptly after the
2   original designation is disclosed.

3       6.2     Meet and Confer. The parties must make every attempt to resolve any dispute
4   regarding confidential designations without court involvement. Any motion regarding
5   confidential designations or for a protective order must include a certification, in the motion or in
6   a declaration or affidavit, that the movant has engaged in a good faith meet and confer
7   conference with other affected parties in an effort to resolve the dispute without court action. The
8   certification must list the date, manner, and participants to the conference. A good faith effort to
9   confer requires a face-to-face meeting or a telephone conference.

10      6.3     Judicial Intervention. If the parties cannot resolve a challenge without court
11  intervention, the designating party may file and serve a motion to retain confidentiality under
12  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
13  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
14  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
15  other parties) may expose the challenging party to sanctions. All parties shall continue to
16  maintain the material in question as confidential until the court rules on the challenge.

17  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
18  LITIGATION

19      If a party is served with a subpoena or a court order issued in other litigation that compels
20  disclosure of any information or items designated in this action as "CONFIDENTIAL," that
21  party must:

22          (a)     promptly notify the designating party in writing and include a copy of the
23  subpoena or court order;

24          (b)     promptly notify in writing the party who caused the subpoena or order to
25  issue in the other litigation that some or all of the material covered by the subpoena or order is
26  subject to this agreement. Such notification shall include a copy of this agreement; and

1          (c)    cooperate with respect to all reasonable procedures sought to be pursued

2  by the designating party whose confidential material may be affected.

3  8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

5  material to any person or in any circumstance not authorized under this agreement, the receiving

6  party must immediately (a) notify in writing the designating party of the unauthorized

7  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

8  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9  this agreement, and (d) request that such person or persons execute the "Acknowledgment and

10  Agreement to Be Bound" that is attached hereto as Exhibit A.

11  9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

12  MATERIAL

13       When a producing party gives notice to receiving parties that certain inadvertently

14  produced material is subject to a claim of privilege or other protection, the obligations of the

15  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

16  provision is not intended to modify whatever procedure may be established in an e-discovery

17  order or agreement that provides for production without prior privilege review. The parties

18  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

19  10.   NON TERMINATION AND RETURN OF DOCUMENTS

20       Within 60 days after the termination of this action, including all appeals, each receiving

21  party must return all confidential material to the producing party, including all copies, extracts

22  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

23  destruction.

24       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

25  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

26  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

    work product, even if such materials contain confidential material.

1   The confidentiality obligations imposed by this agreement shall remain in effect until a

2   designating party agrees otherwise in writing or a court orders otherwise.

3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5   HKM EMPLOYMENT ATTORNEYS LLP    DAVIS WRIGHT TREMAINE LLP

6

7   /s/ Kristi Favar
    Kristi Favard , WSBA #34419
    600 Stewart Street, Ste 901

8   Seattle, WA 98101
    Telephone:   (206) 972-6858

9   Email: kfavard@hkm.com

10  *Attorneys for Plaintiff*

11

12  

13  

14  

15  

/s/ David A. Maas
Douglas C. Ross, WSBA #12811
David Maas, WSBA #50694
James Corning, WSBA #45177
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:   (206) 622-3150
Email: douglasross@dwt.com
    davidmaas@dwt.com
    jamescorning@dwt.com

*Attorneys for Defendants University of
Washington Medicine,, UW Medicine/NW,
University of Washington Medical Center,
University of Washington School of Medicine,
Paul Ramsey, M.D., Lester Permut, M.D.,
Seattle Children's Hospital, Children's
University Medical Group, Mary Bridge
Children's Foundation*

16  BYRNES KELLER CROMWELL LLP    FOSTER PEPPER LLP

17

18  /s/ Paul R. Taylor
    Paul R. Taylor, WSBA #14851

19  Nicholas Ryan-Lang, WSBA #45826
    1000 Second Avenue, 38th Floor

20  Seattle, WA 98104
    Telephone:   (206) 622-2000

21  Email: ptaylor@byrneskeller.com
    nryanlang@byrneskeller.com

22

23  *Attorneys for Defendant Accreditation Council
for Graduate Medical Education*

/s/ Michael K. Vaska
Michael K. Vaska, WSBA #15438
Rylan L.S. Weythman, WSBA #45352
Devra R. Cohen, WSBA #49952
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone:   (206) 447-4400
Email: mike.vaska@foster.com
    rylan.weythman@foster.com
    devra.cohen@foster.com

24  *Attorneys for Defendant American Board of
Thoracic Surgery, Inc.*

25

26

BETTS PATTERSON & MINES

/s/ James D. Nelson
James D. Nelson, WSBA # 11134
Natalie A. Moore, WSBA #45333
Shaina R. Johnson, WSBA # 46079
701 Pike Street, Suite 1400
Seattle, WA 98101
Telephone:   (206) 343-7053
Email: jnelson@bpmlaw.com
       nmoore@bpmlaw.com
       sjohnson@bpmlaw.com

*Attorneys for Defendant Thoracic Surgery
Directors Association, Inc*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: March 5, 2018

_____
Hon. Robert S. Lasnik
United States District Court Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Conklin v. University of Washington Medicine, et al., No. 2:18-CV-00090. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____