The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN, D.O., an individual;

           Plaintiff

    vs.

UNIVERSITY OF WASHINGTON
MEDICINE, a Washington public health
system, et al.;

           Defendants

NO. 2:18-cv-00090

AMENDED COMPLAINT
FOR DAMAGES

***JURY DEMAND***

Dr. Jeremy Conklin, D.O. ("Plaintiff"), by and through his attorneys of record, HKM Employment Attorneys, LLP, requests damages, attorney's fees, and costs for the wrongful conduct of the Defendants as set forth below:

## PARTIES

1.  Dr. Jeremy Conklin, D.O., is a resident of the state of Texas. He is an osteopathic surgeon and 2017 applicant to the University of Washington School of Medicine's ("UWSOM's") congenital cardiothoracic surgery (also known as pediatric cardiac surgery and hereafter referred to as "CCS") fellowship (hereafter, "the fellowship") which is a paid physician training position supported by Graduate Medical

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

Education ("GME") funding from Medicare pursuant to the Social Security Act of 1965 ("SSA"). Plaintiff wants to become a pediatric heart surgeon, but Plaintiff cannot do so because of the discriminatory and anti-competitive actions of the Defendants named herein.

2.   Defendant UW Medicine ("UWMed") is a public health system located in Seattle. UWMed owns and operates Defendant University of Washington Medical Center ("UWMC"), a public hospital located in Seattle that provides training to the UWSOM GME residents and fellows, including the fellowship at issue in this case. UWMed also owns and/or operates the following hospitals, clinics, and groups: Harborview Medical Center, Northwest Hospital and Medical Center, Valley Medical Center, UW neighborhood Clinics, UW Physicians, UWSOM, and Airlift Northwest. These entities are owned by the University of Washington ("UOW"), which is a Washington state/public institution of higher education.

3.   Defendant UW Medicine/Northwest is a Washington public benefit corporation located in Seattle and is an affiliated entity of Defendant UWMed.

4.   Defendant UWSOM is a public medical school with its main campus located in Seattle. UWSOM offers the fellowship that is at issue in this case through UWMC and Seattle Children's Hospital ("SCH"). UWSOM offers 1500 GME residencies and fellowships each year at hospitals owned by UWMed, as described and identified in paragraph 2. UWSOM is an allopathic medical school offering the medical doctor ("MD") degree and GME training.

5.   Defendant Paul G. Ramsey, M.D., is an individual residing in the state of Washington. Dr. Ramsey is the Chief Executive Officer of UWMed, Executive Vice-President for Medical Affairs, and Dean of UWSOM. Dr. Ramsey knowingly and

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

willingly participated in the discrimination and knowing and willful violations of RCW 70.41.235 and state and federal anti-trust law violations, as described herein.

6.   Defendant Lester C. Permut, M.D. is an individual residing in the state of Washington. Dr. Permut is the Program Director for the fellowship that is the subject of the claims herein. Dr. Permut is employed by or affiliated with UWSOM, UWMED, UWMC, UW MED/NW, SCH, Children's University Medical Group ("CUMG") and Mary Bridge Children's Foundation ("MBCF"). Dr. Permut knowingly and willingly participated in the discrimination and knowing and willful violations of RCW 70.41.235 and state and federal anti-trust law violations, as described herein.

7.   Defendant SCH is a Washington non-profit corporation located in Seattle. UWSOM and UWMC offer the fellowship at SCH. Several other UWSOM residencies and fellowships are also offered at SCH.  UWSOM, UWMC, and SCH are affiliated with one another, but are not believed to be commonly owned.

8.   Defendant CUMG is a non-profit pediatric group practice established to support the academic, research and clinical missions of its corporate members, UWSOM and SCH.

9.   Mary Bridge Children's Foundation ("MBCF") is a Washington public benefit corporation located in Tacoma. The fellowship includes training at MBCF. UWSOM and MBCF are affiliated with one another but are not believed to be commonly owned.

10. The Defendants named in paragraphs 2-9 of this Complaint are referred to collectively herein as "UW".

11. Defendant American Board of Thoracic Surgery, Inc. ("ABTS") is an Illinois non-profit corporation. ABTS operates from a main office in Chicago, Illinois.  ABTS board certifies physicians who have completed allopathic medical training and education

AMENDED COMPLAINT FOR DAMAGES – 3

accredited by the Accreditation Council for Graduate Medical Education ("ACGME") in general surgery and thoracic surgery. ABTS does not board certify physicians who have completed American Osteopathic Association ("AOA") accredited training.

12. AOA accredits osteopathic medical education, which results in a doctor of osteopathy degree ("DO"). AOA also accredits osteopathic graduate medical education training residencies and fellowships. Allopathic and osteopathic physicians are the only two categories of physicians who may be licensed to practice medicine in the United States. ACGME and AOA are the only two medical education accrediting organizations in the United States.

13. Defendant Thoracic Surgery Directors Association ("TSDA") is a North Carolina non-profit corporation. TSDA's main office is in Chicago, Illinois, and is shared with its affiliated entity ABTS. TSDA operates the match program utilized by UW and other medical schools and hospitals that are accredited by the ACGME to provide GME education in congenital cardiac surgery. The TSDA match, which is the application process for fellows in congenital cardiac surgery requires ABTS board eligibility/certification. To become board certified by the ABTS, ACGME accredited education and training is required.

14. Defendant ACGME is an Illinois non-profit corporation. ACGME sets requirements for and accredits allopathic medical education and GME training. ACGME is the only entity in the United States that provides accreditation for allopathic medicine education and GME training. ACGME accredits the fellowship that is the subject of this lawsuit. UWSOM is accredited by the ACGME and must comply with ACGME accreditation requirements to remain accredited. UWSOM is not accredited by the AOA, which accredits osteopathic education and GME training. AOA does not accredit, or board certify CCS education and training.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**VENUE AND JURISDICTION**

14. This Court has jurisdiction pursuant to federal question jurisdiction as authorized under 28 U.S.C. §1331 for Plaintiff's claims against Defendants for violations of federal anti-trust laws; the Sherman Act, 15 U.S.C. §1, and Clayton Act, 15 U.S.C. §12.

15. This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. §1367.

16. Venue is proper because the fellowship is in Seattle, Washington and each of the Defendants conducts business in Seattle, Washington.

17.  Plaintiff provided a Notice of Claim to UW as a prerequisite to filing this lawsuit, which UW rejected.  More than 60 days have elapsed since UW received Plaintiff's Notice of Claim.

**FACTS**

18. There are two different categories of physicians who may practice medicine in the United States; allopathic physicians, MDs, and osteopathic physicians, DOs. Both are fully licensed physicians, trained in diagnosing and treating illnesses and disorders, and in providing preventive care. DOs represent about 10.6 percent of the total population of ACGME accredited GME training positions in the United States.

19. Physicians apply for privileges to practice medicine at hospitals, which require physicians to be licensed in the state they are practicing and be board certified by a recognized professional organization in the field of medicine they practice.

20. Physicians in GME training become board certified by completing residencies and fellowships in their field of medicine. Accredited GME training programs are funded by Medicare dollars.

21. As discussed above, there are two organizations in the United States that

AMENDED COMPLAINT FOR DAMAGES – 5

accredit GME training; the ACGME, which accredits allopathic programs, and the AOA, which accredits osteopathic programs.

22. UW receives Medicare funding for its GME training and is the largest sponsor of GME in the northwestern United States, including Washington, Wyoming, Alaska, Montana, and Idaho. UW trains approximately 1500 residents and fellows each year. It has 25 residency programs and 76 fellowship programs and ranks 7th nationally in number of programs and 8th nationally in number of trainees. Of its 1500 GME training positions in 2017-2018, only 48 of the 1500 (or 3.2%) were occupied by osteopathic physicians.

23. There are only twelve (12) ACGME accredited CCS fellowships in the United States that provide accredited GME training in CCS, one of which is the UW fellowship. The AOA does not accredit an osteopathic CCS GME training program.

24. The ACGME has established eligibility criteria for applicants to enter one of the twelve accredited CCS fellowship programs. To apply for one of the twelve accredited CCS fellowship programs, including the UW fellowship, an applicant must apply through the TSDA match program. The TSDA has established its own eligibility criteria for participation in its match program, which is stricter than the ACGME requirements and includes board eligibility and/or certification by the ABTS.

25. The ABTS is the only organization in the United States that provides board certification and access to CCS training, which is accredited by the ACGME.

26. Of the 4,400 ABTS board certified thoracic surgeons in the United States today, only 28 are DOs. It is believed that each of the 28 DOs that is ABTS board certified in thoracic surgery holds allopathic board certifications and completed ACGME accredited GME training. It is further believed that they did not complete AOA

AMENDED COMPLAINT FOR DAMAGES – 6

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

accredited training only and that they are not board certified by AOA/AOBS only, but instead, completed ACGME accredited training and hold allopathic board certifications.

27. Plaintiff is AOA board certified, is not certified by an allopathic board, and does not have ACGME accredited general surgery training. Therefore, none of the 28 DOs with ABTS board certification are similarly situated to Plaintiff.

28. DOs who completed AOA accredited training and did not complete ACGME accredited training cannot be board certified by the ABTS because the ABTS only board certifies physicians who have completed ACGME accredited training.

29. The ACGME does not offer accredited programs in CCS to DOs who have osteopathic board certification in general surgery or cardiothoracic surgery who do not also possess allopathic board certification in general surgery or cardiothoracic surgery.

30. Because ABTS board eligibility or certification is required by the TSDA match program and the ABTS does not board certify DOs with AOA accredited training who do not also have ACGME accredited training, DOs with AOA accredited training and without ACGME accredited training, are unable to become congenital cardiothoracic surgeons.

31. There is only one DO in the entire United States who is board certified by the ABTS in CCS. On information and belief, she completed ACGME accredited training and obtained ABTS board certification in cardiothoracic surgery. Therefore, the one DO in the United States that is ABTS board certified in CCS is not similarly situated to Plaintiff.

32.  Plaintiff has the following educational degrees: B.S. in Biology, Masters in Public Health, Master of Business Administration, and Doctor of Osteopathic Medicine.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

33. Plaintiff honorably served in the Army and Air Force as a Medical Specialist and Medical Officer practicing medicine and teaching courses. Plaintiff is entitled to veteran's preference, when applicable, for his military service.

34. Plaintiff obtained his medical license in Pennsylvania in 2006, which remains current. He is also licensed in three other states, including in Washington, which he obtained on January 22, 2018.

35. Plaintiff is board certified by the American Osteopathic Board of Surgery ("AOBS") in general surgery, surgical critical care, and cardiothoracic surgery. He is a Fellow of the American College of Osteopathic Surgeons and a member of the AOA, the American College of Surgeons, and the Society of Thoracic Surgeons.

36. The AOBS board certification in cardiothoracic surgery is the osteopathic board certification equivalent to the ABTS allopathic board certification in cardiothoracic surgery.

37. The TSDA match program does not recognize the AOBS board certification in cardiothoracic surgery as equivalent to ABTS board certification in cardiothoracic surgery. Likewise, UW does not recognize the AOBS board certification in cardiothoracic surgery as equivalent to ABTS board certification in cardiothoracic surgery. Therefore, osteopathic applicants who are trained and board certified by the AOBS in cardiothoracic surgery, and who are not trained by an accredited ACGME surgery training program and not ABTS certified in cardiothoracic surgery, are not eligible for the TSDA match program for the CCS fellowship programs or for the fellowships, including the UW fellowship.

38. Plaintiff has completed residency/fellowships in general surgery and surgical critical care/trauma, accredited by the AOA, and in cardiothoracic surgery, accredited by ACGME. Though his cardiothoracic surgery fellowship was accredited by the ACGME,

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

he was required to take the training as an unaccredited fellow and could not become board certified by the ABTS due to his general surgery training being accredited and board certified by the AOA/AOBS.  Therefore, he is board certified by the AOA/AOBS in cardiothoracic surgery and is not ABTS board eligible/certified in cardiothoracic surgery even though he completed the same training as other physicians who are.

39. Plaintiff was a CCS fellow in a non-ACGME accredited training program at the University of Texas ("UT") Southwestern Children's Medical Center, a top-rated hospital in the United States, which is ranked higher than UW, from July 2016 to August 2017. Plaintiff was trained to perform surgery on pediatric heart patients at UT. He did not complete the fellowship due to no fault of his own; the program terminated upon the departure of the two training physicians. UT agreed to pay for all costs and expenses associated with a replacement fellowship for Plaintiff due to the program's sudden unexpected termination.

40. Plaintiff applied for the fellowship through the TSDA match program in 2017. He had also applied in 2015 and 2016. He was not matched with a position each time he applied. The focus of this lawsuit is specifically his 2017 application to the UW fellowship.

41. UW rejected Plaintiff's 2017 application solely because he did not meet the TSDA and UW eligibility requirements, because he was not ABTS board eligible or certified (i.e. because he was a DO who completed an AOA accredited general surgery residency and is board certified by AOA/AOBS and not a physician who completed ACGME accredited training and ABTS board certified or eligible).

42. Plaintiff is board certified in the osteopathic equivalent to the ABTS board certification required by the TSDA and UW for the fellowship.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

43. In 2017, Plaintiff attempted to obtain a waiver from the ABTS for board eligibility/certification since he holds the equivalent AOBS board certification, which ABTS denied.

44. Plaintiff filed an appeal with the TSDA in 2017.  The TSDA has not responded.

45. Upon his rejection for the fellowship, Plaintiff inquired with UW as to the reason for his rejection. The UW responded with only one reason: Plaintiff is not eligible because he is not ABTS board eligible or certified.  Plaintiff is AOBS board certified, which is the osteopathic equivalent of the ABTS board certification. Therefore, Plaintiff was rejected on the basis that his board certification is osteopathic instead of allopathic.

46. After his rejection but before the match took place, Plaintiff, through his attorney, filed a complaint with UW and sought reconsideration of his application. UW, through the Attorney General's Office, denied his request for reconsideration. UW asserted new reasons for rejecting his application in the letter from the Attorney General. UW asserted even more new reasons for rejecting his application since this lawsuit was initiated and UW retained new counsel.

47. If Plaintiff was ABTS board certified in cardiothoracic surgery and not solely AOA board certified in cardiothoracic surgery, he would be eligible and qualified for the fellowship and for the TSDA match.

48. UW rejected Plaintiff for the fellowship even though he was equivalently board certified, entitled to veteran's preference, and his GME training would have been paid for in full by UT Southwestern and at no cost to UW.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

## CLAIMS

### First Cause of Action:  Discrimination
### RCW 70.41.235
### (Against UW)

49. Plaintiff realleges the facts as set forth in paragraphs 1-48 of his Complaint as though fully set forth herein.

50. In 2017, Plaintiff applied for the fellowship and was automatically rejected because he was not ABTS board eligible or certified in cardiothoracic surgery.

51. UW considers only applicants with ABTS board eligibility or certification in cardiothoracic surgery for the fellowship.

52. UW rejects applicants with AOBS board eligibility or certification in cardiothoracic surgery for the fellowship unless they are also ABTS board certified in cardiothoracic surgery.

53. The ACGME requires ACGME accredited training for entry into its accredited CCS fellowships.

54. The ACGME rules do not allow AOBS/AOA board certified physicians to enter ACGME accredited GME training programs unless they are also ACGME board eligible/certified in the same areas in which they are AOBS/AOA board certified.

55. The ABTS and AOBS board certifications in cardiothoracic surgery require similar education and training.

56. The ABTS and AOBS certifications in cardiothoracic surgery are equivalents.

57. The ABTS only board certifies physicians who have completed ACGME accredited training.

58. The ABTS will not board certify physicians who have completed AOA accredited training unless they also have completed ACGME accredited training.

59. The ABTS only board certifies MDs and DOs who have completed ACGME

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

accredited training.

60. The ABTS will not board certify DOs who completed AOA accredited training and did not complete ACGME accredited training.

61. The ABTS will not board certify Plaintiff unless he re-trains in an accredited ACGME training program and attains allopathic board certifications.

62. If Plaintiff was an MD and had completed the allopathic training equivalents to the osteopathic training he has, he would be eligible for ABTS board certification and/or ABTS would board certify his cardiothoracic surgery training.

63. Because Plaintiff is a DO who completed AOA accredited training and did not complete ACGME accredited training and is AOA/AOBS board certified instead of ABTS board certified, he is not eligible for ABTS board certification in cardiothoracic surgery.

64. ABTS board eligibility or certification in cardiothoracic surgery is required by the TSDA match program and UW for the fellowship.

65. AOBS board certification in cardiothoracic surgery is not accepted by the TSDA match program or UW for the fellowship.

66. Only physicians who completed accredited ACGME training may be ABTS board eligible or certified in cardiothoracic surgery.

67. DOs who completed AOA accredited training and did not receive ACGME accredited training are not ABTS board eligible or certified in cardiothoracic surgery.

68. Only physicians who completed ACGME accredited training are eligible for the TSDA match program and UW fellowship.

69. DOs who completed AOA accredited training and who do not have ACGME accredited training are not eligible for the TSDA match program or the UW fellowship.

70. Plaintiff is not eligible for the TSDA match program or UW fellowship.

71. Plaintiff is not eligible for the TSDA match program or UW fellowship because he is not ABTS board eligible or certified in cardiothoracic surgery.

72. Plaintiff is not eligible for the TSDA match program or UW fellowship because he is AOBS board certified in cardiothoracic surgery and is not ABTS board certified in cardiothoracic surgery.

73. Plaintiff is not eligible for the TSDA match program or UW fellowship because he did not complete ACGME accredited training in general surgery and because he completed AOA accredited training instead.

74. Plaintiff is not eligible for the TSDA match program or UW fellowship because he is a DO who completed AOA accredited training and did not complete ACGME accredited training.

75. If Plaintiff was an MD with the allopathic equivalents to the training he has, he would be ABTS board eligible or certified in cardiothoracic surgery.

76. If Plaintiff was ABTS board eligible or certified, he would be eligible for the TSDA match program and UW fellowship.

77. Therefore, if Plaintiff was an MD, he would be eligible for the TSDA match Program and UW fellowship.

78. But, because Plaintiff is a DO who completed AOA accredited training and did not complete ACGME accredited training, he is not eligible for the TSDA match program or UW fellowship.

79. Because Plaintiff is not eligible for the TSDA match, Plaintiff is also not eligible for the fellowship. Plaintiff is also not eligible for the fellowship due to UW's policies requiring the same accredited training and board certifications as the TSDA match.

80. If Plaintiff was eligible for the TSDA match, he would be eligible for the

AMENDED COMPLAINT FOR DAMAGES – 13

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

fellowship.

81. If Plaintiff was ABTS board eligible or certified in cardiothoracic surgery, he would be eligible for the TSDA match and therefore, eligible for the fellowship.

82. If Plaintiff was an MD, he would be ABTS board eligible or certified in cardiothoracic surgery, and therefore, eligible for the TSDA match and therefore, eligible for the fellowship.

83. Only physicians who completed ACGME accredited training, are eligible for the fellowship.

84. DOs who completed AOA accredited training and did not complete ACGME accredited training are not eligible for the fellowship.

85. Plaintiff is not eligible for the fellowship because he is not an MD or DO with ACGME accredited training.

86. Plaintiff is not eligible for the fellowship because he is a DO who completed AOA accredited training and did not complete ACGME accredited training.

87. RCW 70.41.235 precludes public hospitals from discriminating against DOs based on board certification.

88. RCW 70.41.235 applies to hospital privileges, hiring, and training.

89. The purpose of RCW 70.41.235 is to prevent discrimination of DOs and/or the preference of MDs over DOs in the training and practice of medicine based on board certification.

90. UW has violated RCW 70.41.235 by discriminating, based on board certification, against DOs who completed AOA accredited training and were board certified by AOBS or the AOA and were not board certified by an allopathic board certifying entity.

91. UW has violated RCW 70.41.235 by discriminating against Plaintiff based on

AMENDED COMPLAINT FOR DAMAGES – 14

board certification.

92. UW has violated RCW 70.41.235 by preferring MDs over DOs based on board certification in the training for and practice of medicine.

93. UW's policies, use of the TSDA match program, and contracts with the TSDA, ABTS, and ACGME violate RCW 70.41.235 and is against public policy.

94. UW's rejection of Plaintiff's application for the fellowship violates RCW 70.41.235 and is discriminatory.

95. Because of UW's violation of RCW 70.41.235, Plaintiff has been damaged in an amount to be proven at trial. Each of the UW Defendants is jointly and severally liable for Plaintiff's damages because of their discrimination based on board certification.

### Second Cause of Action:  Declaratory Judgment
### 29 U.S.C. §§2201-2202; FRCP 57
### (Against All Defendants)

96. Plaintiff realleges the facts as set forth in paragraphs 1-95 of his Complaint as though fully set forth herein.

97. The Declaratory Judgment Act and FRCP 57 provide a remedy for ongoing statutory violations.

98. UW has discriminated against Plaintiff and other DOs who have completed AOA accredited training and obtained AOA/AOBS board certification in violation of RCW 70.41.235 since its enactment in 1995 by only training and hiring ACGME accredited and allopathic board-certified physicians for GME programs and by using the TSDA match program, which requires ABTS board certification, which requires ACGME accredited training.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

99. Likewise, UW has violated RCW 70.41.235 by contracting with the TSDA and agreeing to train and hire only ABTS board eligible or certified physicians and to reject DOs with only AOA accredited training and AOA/AOBS board certification.

100. Declaratory judgment that it is unlawful for UW to reject DOs, including Plaintiff, based on AOBS board certification or AOA accredited training for the fellowship, or any position requiring ABTS board eligibility or certification, because they do not have ABTS board eligibility or certification, is necessary to end UW's discriminatory practices, which are specifically prohibited by RCW 70.41.235.

101. The Court should also declare that UW discriminated against Plaintiff by rejecting his application because he was not ABTS board eligible or certified.

102. Additionally, any position offered at UW requiring ABTS board eligibility or certification without recognizing its DO equivalent should be declared discriminatory.

103. Any requirement of ACGME accredited training and/or allopathic board certification at UW that does not recognize the DO equivalent board certification, including but not limited to the ABTS board certification, should be declared discriminatory, void, and against public policy.

104. To further the purpose of RCW 70.41.235, the Court should declare that the AOBS and ABTS board certifications are equivalents and that any DO board certified specialty is the equivalent of the MD board certified specialty. The Court should also require UW to recognize these equivalents in all training and hiring.

### Third Cause of Action: Injunctive Relief
### FRCP 65
### (Against All Defendants)

105. Plaintiff realleges the facts as set forth in paragraphs 1-104 of his Complaint as though fully set forth herein.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

106. The discrimination described herein is ongoing and is a contractual requirement between UW, ACGME, ABTS, and TSDA.

107. UW's GME training is accredited by the ACGME.

108. UW's accredited GME residency and fellowship training positions use a match process required by the ACGME.

109. The majority of UW's accredited GME residency and fellowship training positions are matched in March of each year, including in 2018.

110. The TSDA match for the fellowship will be utilized by UW again in 2019, with the application process beginning in July 2019.

111. UW will begin placing physicians for other ACGME accredited GME Training programs in March 2018.

112. UW will continue discriminating against DOs, who completed AOA accredited training and are board eligible/certified by the AOA and UW will continue discriminating against DOs who did not complete ACGME accredited training and are not board eligible/certified by the ABMS, in its match processes if an injunction (preliminary and permanent) is not issued in this matter.

113. UW's discrimination will cause and continues to cause irreparable harm to Plaintiff and other DOs who are similarly situated by not allowing them training and a future job opportunity in the medical specialty of their choosing.

114. The discrimination will also cause further irreparable harm to the general public by limiting access to DO physicians who completed AOA accredited training and are AOBS or AOA board certified in certain medical fields but are not board certified by an allopathic entity. The public should be given a choice in their physician's training and board certification in any given medical field or specialty.

AMENDED COMPLAINT FOR DAMAGES – 17

115. The public is being deprived of a choice of physicians and of quality physicians due to UW's discrimination.

116. Therefore, injunctive relief prohibiting further discrimination by UW of DOs who possess only osteopathic board certification and who do not possess allopathic board certification is necessary to protect Plaintiff and other DOs similarly situated as well as the public.

117. An adequate remedy at law does not exist to address the discrimination against Plaintiff and the numerous other similarly situated DOs discriminated against since 1995 and therefore, injunctive relief precluding the discrimination is necessary. It is in the public's interest to stop the discrimination.

118. An adequate remedy at law does not exist to remedy Plaintiff's damages for the loss of education, training, and future job opportunities he would have obtained had he been selected for the fellowship and not discriminated against. Plaintiff should have the opportunity to practice in the specialized medical field of his choice and work in the occupation of his choosing.

119. Injunctive relief requiring that the Defendants cease discriminatory practices that violate RCW 70.41.235 is necessary to stop the harmful impact of discrimination based on osteopathic board certification on Plaintiff, other DOs, and society in general.

120. Injunctive relief requiring UW to withdraw from the TSDA match program and not offer GME training until osteopathic and allopathic board certification of DOs and MDs are considered equivalent by the TSDA, ABTS, ACGME, and UW is necessary to prevent further violations of RCW 70.41.235 and damages to Plaintiff.

121. Injunctive relief requiring UW to recognize osteopathic board certification equivalents to those of allopathic board certification in all training and hiring is necessary to prevent further violations of RCW 70.41.235 and damages to Plaintiff.

AMENDED COMPLAINT FOR DAMAGES – 18

***Fourth, Fifth, and Sixth Causes of Action:***
***Anti-Trust (Federal and State)***
***Sherman Act, 15 U.S.C. §1; Clayton Act, 15 U.S.C. §12;***
***RCW 19.86 et seq.***
(***Against All Defendants***)

122. Plaintiff realleges the facts and allegations as set forth in 1-121 of his Complaint as though fully set forth herein.

123. Defendants named herein are co-conspirators in multiple forms of monopolies (horizontal, vertical, oligopoly). By their eligibility requirements for GME training positions, applicants for ABTS board certification must have completed ACGME accredited training in general surgery, thoracic surgery fellowship and congenital cardiac surgery fellowship, which Defendants control and operate.

124. Plaintiff's claim is not about the TSDA match but is about the conspiracy and monopoly created by the Defendants in GME accreditation and board certification that eliminates competition in medical specialty fields.

125. The ACGME controls all accredited GME training receiving Medicare funds in CCS and does not recognize AOA training or board certification for eligibility purposes.

126. ABTS controls all board certifications in CCS and does not recognize AOA/AOBS board certification in cardiothoracic surgery for eligibility for board certification.

127. TSDA requires ABTS board certification for applicants to be eligible for the UW fellowship.

128. UW requires both ACGME accreditation and ABTS board certification for eligibility for the fellowship.

AMENDED COMPLAINT FOR DAMAGES – 19

129. The Defendants have contractual relationships with one another regarding eligibility requirements for the fellowship and for UW to maintain its accreditation. These contractual relationships eliminate DOs with AOA/AOBS accredited training and board certification and without ACGME accredited training and ABTS board certification from eligibility for the fellowship and from becoming board certified congenital cardiothoracic surgeons.

130. Therefore, the market is stifled, and a vertical monopoly is created.

131. Defendants control every step of the GME training process in CCS.

132. Likewise, the ACGME controls GME training that is not offered by the AOA and the ACGME has no competition for that training or accreditation.

133. The ABTS provides board certification not offered by the AOA and requires ACGME accredited training. ABTS has not competition for the CCS board certification.

134. DOs that completed AOA accredited training and are board eligible/certified by the AOA, who did not complete ACGME accredited training and are not board eligible/certified by the ABMS, are therefore ineligible for ABTS board certification and are unable to compete for accredited CCS fellowships and jobs in pediatric cardiac surgery.

135. As a result, a horizontal monopoly is created that controls the process and market.

136. The criteria described above prevents DOs who completed AOA accredited training, who did not complete ACGME accredited training and who do not possess allopathic board certifications, from participating in the TSDA match, applying for ABTS board certification, and qualifying for the UW fellowship (or other ACGME accredited CCS fellowships). In turn, this prevents their entry into the marketplace and eliminates competition.

AMENDED COMPLAINT FOR DAMAGES – 20

137. DOs who only completed AOA accredited training, and did not complete ACGME accredited training, may not enter the market of medical specialty fields that require ABTS board certification, including in, but not limited to, congenital cardiothoracic surgery.

138. Furthermore, applicants who completed training outside the United States are also prevented from participating in the TSDA match or applying for ABTS board certification.

139. The Defendants are co-conspirators who contract with one another and create eligibility requirements for GME training positions, accreditation, and board certification. In doing so, Defendants limit certain medical specialty fields exclusively to physicians who complete allopathic education and training and obtain allopathic board certification, which is primarily composed of MDs. Defendants created and participate in an exclusive "multilayered and time-tested national system" that controls and limits access to who may become ABTS board certified, and therefore, who may practice in medical specialty fields. Defendants' conspiracy favors MDs and is at the detriment of DOs. Thus, the Defendants, control the market, restrain trade, and stifle competition in specialty fields of medicine, including but not limited to CCS.

140. As a result, DOs are stifled and excluded from the market of congenital cardiothoracic surgery, and DOs with AOA accredited training and/or AOBS/AOA board certification who do not have ACGME accredited training or allopathic board certification, are prohibited from competing.

141. The same can be said for other GME programs requiring ACGME accreditation and ABMS board certification, or other medical specialty board certifications that reject AOA/AOBS accredited training or osteopathic board

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

certification and/or requires ACGME accredited training and board certification by an allopathic certifying board.

142. This system discriminates against osteopathic board certification, restricts the marketplace to primarily MDs, stifles competition by osteopathic physicians, and creates a monopoly.  It also deprives the public of choosing osteopathic physicians for healthcare in certain medical specialties.

143. Because Plaintiff completed an AOA accredited general surgery residency and did not complete an ACGME accredited general surgery residency, he is not eligible for ABTS board certification or the fellowship.

144. Because Plaintiff did not complete an ACGME accredited general surgery residency, he is not eligible for ABTS board certification or the fellowship.

145. Because Plaintiff is not eligible for ABTS board certification, he is not eligible for the TSDA match program or the fellowship.

146. Because Plaintiff is not eligible for the TSDA match program, he is not eligible for an ACGME accredited CCS fellowship, including the UW fellowship.

147. Similarly situated DOs are also ineligible for an ACGME accredited CCS fellowship.

148. Because Plaintiff is not eligible for an ACGME accredited CCS fellowship, he is unable to work and earn a living as a congenital cardiothoracic surgeon, and he cannot compete in the marketplace of his chosen medical specialty, which has caused him injury, including but not limited to both monetary damages and irreparable harm.

149. DOs who completed AOA accredited training and did not complete ACGME accredited training, cannot work and earn a living as congenital cardiothoracic surgeons or other medical specialty fields requiring ABMS/ABTS board certification.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

150. Only physicians who completed ACGME accredited training and who are ABTS board certified can work and earn a living as congenital cardiothoracic surgeons.

151. DOs who completed AOA accredited training and did not complete ACGME accredited training, including Plaintiff, cannot work and earn a living as congenital cardiothoracic surgeons because of the market control and restraint of trade exercised by Defendants.

152. As such, DOs who completed AOA accredited training and who did not complete ACGME accredited training, including Plaintiff, have been damaged both monetarily and irreparably.

153. Such a restraint of trade affects interstate commerce because DOs, who have completed AOA accredited training and are AOA or AOBS board certified and who do not have ACGME accredited training or allopathic board certification, are excluded from certain medical practice specialties, including but not limited to CCS, and cannot freely choose their occupations.

154. As a result, they cannot pursue their chosen careers and the public does not have access to them.

155. The Defendants conspired to exclude DOs who completed osteopathic accredited graduate medical education training and are osteopathic board eligible/certified, who did not complete allopathic accredited graduate medical education training and are not allopathic board eligible/certified, from training in CCS and becoming board certified congenital cardiothoracic surgeons.

156. Every contract or conspiracy that unreasonably restrains trade is an antitrust violation under federal and state law.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

157. By contracting with the ACGME and TSDA and participating in the TSDA match program, which unreasonably restrains trade, UW is violating state and federal anti-trust laws, including 15 U.S.C. §1, 15 U.S.C §12, and RCW 19.86 *et seq.*

158. By creating eligibility requirements that applicants must be ABTS board eligible/certified, the ACGME, ABTS, TSDA, and UW prevent DO applicants, who completed AOA accredited training, and foreign trained applicants, from participating in ACGME accredited CCS training and ABTS board certification thereby unreasonably restraining trade and stifling competition in violation of state and federal anti-trust laws, including 15 U.S.C. §1, 15 U.S.C §12, and RCW 19.86 *et seq.*

159. By participating in the ACGME, ABTS, TSDA and UW programs requiring ABTS board certification eligibility and conspiring to exclude DOs who have osteopathic board certification only from medical specialties, Defendants are violating state and federal anti-trust laws.

160. Plaintiff has been damaged by Defendants' anti-trust violations in a monetary amount to be proven at trial, and irreparably in not being able to work in his medical field of choice. Plaintiff is entitled to damages for these injuries.

161. Plaintiff is also entitled to treble damages and attorney's fees and costs pursuant to 15 U.S.C. §12, and RCW 19.86 *et seq.*

162. The Defendants are jointly and severally liable for their state and federal anti-trust violations and damages, both monetary and irreparable, caused to Plaintiff.

### *Seventh Cause of Action:  Civil Conspiracy/Collusion*
### *(Against All Defendants)*

163. Plaintiff realleges the facts and allegations as set forth in paragraphs 1-162 of his Complaint as though fully set forth herein.

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

164. Defendants have an agreement to deprive DOs with osteopathic board certification who do not have allopathic board certification from employment as congenital cardiac surgeons, which is discriminatory under Washington law.

165. Defendants have been made aware of Washington law protecting DOs from discrimination based on board certification in favor of MDs or allopathic board certification, yet Defendants continued to conspire to discriminate against osteopathic board-certified physicians.

166. Defendants have engaged in collusion and civil conspiracy.

167. Because of their conspiracy, Plaintiff has been damaged in an amount and extent to be proven at trial.

168. The Defendants are jointly and severally liable for their conspiracy and all damages caused to Plaintiff as a result.

### *Eighth Cause of Action: Public Records Act*
### *RCW 42.56 et seq.*
### *(Against UW)*

169. Plaintiff realleges the facts set forth in paragraphs 1-168 of his Complaint as though fully set forth herein.

170. Plaintiff submitted a public records request to UW on November 16, 2017, pursuant to RCW 42.56 *et seq.* seeking information and documents evidencing the UW's violations of RCW 70.41.235 and all the Defendants' roles relating to the same.

171. Plaintiff also sought information that may quantify the number of DOs board certified by the AOA or AOBS that have been rejected from GME training at UW based on their board eligibility and/or certification.

AMENDED COMPLAINT FOR DAMAGES – 25

172. Plaintiff's request included the following: (1) all agreements between UWMC and the TSDA and/or ABTS; (2) all Medicare funding information, grants, agreements, etc. regarding UWMC's Medicare grants for residencies and fellowships; (3) all documents regarding any osteopathic physician application (individual or in general) to any residency or fellowship at UWMC for the past 10 years, including but not limited to applications, correspondence, inter office emails or memos, etc.; (4) all documents regarding Dr. Jeremy Conklin's applications to the UWMC for residency/fellowship; (5) all documents regarding RCW 70.41.235 from 1995 to present; (6) all documents regarding osteopathic physicians as residents/fellows at UWMC, including any lists of all residents and fellows and their professional titles (DO v. MD), selected over the past 10 years.  Documents were defined to include any data, including but not limited to emails and text messages, memos, letters, agreements, applications, photographs, social media posts, meeting minutes, spreadsheets, presentations, notes, pamphlets, etc., whether in electronic or handwritten form.

173. UW responded five business days later on November 27, 2017, and estimated that it would produce documents by December 18, 2017.

174. On December 18th, however, UW advised Plaintiff that it would need an additional four months, until April 27, 2018, to produce the documents requested.

175. Either the original estimate was not reasonable or the subsequent estimate was a litigation tactic. In conformance with RCW 42.56., Plaintiff immediately objected that the length of time was unreasonable. UW did not respond, nor has it produced any of the documents. UW did, however, submit documents and statistics in Response to Plaintiff's Motion for Preliminary Injunction, that were relevant to the records request, and could have been produced to Plaintiff prior to the hearing.

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

176. The documents requested are voluminous and estimated to be in the thousands, if not tens of thousands, and could have been produced on a rolling basis.

177. UW has violated RCW 42.56 *et seq*. and is liable for $100 per document per day for the documents not timely (or at all as of the date of filing this Amended Complaint) provided to Plaintiff, plus attorney's fees and costs.

### Ninth Cause of Action:
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

178. Plaintiff realleges the facts as set forth in paragraphs 1-177 of his Complaint as though fully set forth herein.

179. Defendants engaged in extreme and outrageous conduct by discriminating against Plaintiff and all DOs with osteopathic board certifications who do not possess allopathic board certifications and by conspiring and restraining trade in CSS.

180. Defendants' conduct caused Plaintiff extreme emotional distress and he has been damaged in an amount to be proven at trial.

181. Defendants are jointly and severally liable for the damages Plaintiff has suffered because of their intentional infliction of emotional distress.

### Tenth Cause of Action:
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

182. Plaintiff realleges the facts as set forth in paragraphs 1-181 of his Complaint as though fully set forth herein.

183. Defendants engaged in conduct they knew or should have known would cause Plaintiff distress when they wrongfully discriminated against him, restrained trade, and conspired to exclude DOs with osteopathic board certification who do not possess allopathic board certification, from GME training and the CCS specialty.

AMENDED COMPLAINT FOR DAMAGES – 27

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

184. Defendants' actions caused Plaintiff extreme emotional distress and he has been damaged in an amount to be proven at trial.

185. Defendants are jointly and severally liable for all the damages Plaintiff has suffered because of their negligent infliction of emotional distress.

## JURY TRIAL DEMAND

186. Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Having plead his claims under state and federal law, Plaintiff prays for the following relief:

1.   An award of monetary damages for discrimination against each of the UW Defendants, jointly and severally, and in favor of Plaintiff in an amount to be proven at trial;

2.   An award of treble monetary damages and attorney's fees and costs for state and federal antitrust violations against all Defendants, jointly and severally, and in favor of Plaintiff in an amount to be proven at trial;

3.   An award of monetary damages for collusion/civil conspiracy against all Defendants, jointly and severally, and in favor of Plaintiff in an amount to be proven at trial;

4.   An award of monetary damages for intentional and/or negligent infliction of emotional distress against all Defendants, jointly and severally, and in favor of Plaintiff in an amount to be proven at trial;

5.   An award of damages against each of the UW Defendants, jointly and severally, at a rate of $100 per document per day, or the maximum penalty as allowed by law, plus attorney's fees and costs, in favor of Plaintiff, for failure to produce and/or timely produce documents requested under the Public Records Act;

AMENDED COMPLAINT FOR DAMAGES – 28

6.  An injunction prohibiting UW from any further discrimination against DOs based on osteopathic board certification;

7.  An injunction prohibiting UW from using the TSDA match program and/or requiring ABTS board certification for the fellowship or any other fellowship or residency that requires allopathic based accredited training and/or board certification over its osteopathic counterpart.

8.  An injunction restraining UW from matching any residents or fellows to any ACGME accredited GME training position without considering DOs with osteopathic board eligibility/certification and recognizing their equivalent board eligibility/certifications to their allopathic counterparts;

9.  An injunction against all Defendant co-conspirators prohibiting the discriminatory, anti-trust, and collusive conspiracy activities relating to GME training that violate state and federal anti-trust laws;

10.  An injunction requiring UW to place DOs with osteopathic board certification who do not have allopathic board certification in 10.6 percent of all available GME training positions;

11.  Declaratory Judgment that UW has been discriminating against DO GME training applicants since 1995, and has specifically discriminated against Plaintiff, by applying the ACGME and TSDA criteria as well as its own policies, which exclude DOs with osteopathic board certification from GME training in violation of RCW 70.41.235;

12.  Declaratory Judgment that it is unlawful and discriminatory for UW to reject DOs with osteopathic board eligibility/certifications, who do not have allopathic board certification, based on the lack of ABTS/allopathic board certification;

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

13. Declaratory Judgment/Injunctive Relief that UW shall recognize osteopathic board eligibility/certification as equivalent to allopathic board eligibility/certification, including but not limited to board certification by the ABTS and AOBS.

14. Declaratory Judgment that the contracts between UW and ACGME, TSDA, and/or ABTS or any other entity that requires rejection of osteopathic board eligibility/certification or accreditation for eligibility for GME training positions is void as discriminatory and against the public policy of Washington State;

15. Declaratory Judgment that UW has violated the Washington Public Records Act and determining the amount due Plaintiff for said violations;

16. An award of attorney's fees and costs; and

17. Such other relief as available under the statutes and/or the Court deems just and equitable.


DATED THIS 12TH DAY OF MARCH 2018.



HKM Employment Attorneys, LLP
*Attorneys for Plaintiff,*
*Dr. Jeremy Conklin, D.O.*

_____*/s/Kristi Favard*_____
Kristi Favard, WSBA No. 34419
600 Stewart Street, Suite 901
Seattle, WA  98101
Phone: (206) 838-2504
Facsimile: (206) 260-3055
Email:  kfavard@hkm.com

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date below, I caused the foregoing document to be filed using CM/ECF, which will transmit the same to all counsel of record. Any parties not served via CM/ECF will be served in accordance with the Federal Rules of Civil Procedure.

DATED: March 12, 2018                By____*/s/Kristi Favard*_____
                                Kristi Favard, WSBA #34419

AMENDED COMPLAINT FOR DAMAGES – 31