UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN,

        Plaintiff,

    v.

UNIVERSITY OF WASHINGTON MEDICINE, *et al.*,

        Defendants.

CASE NO. C18-0090RSL

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE THE PENDING MOTIONS TO DISMISS

This matter comes before the Court on plaintiff's "Amended Motion to Continue Defendants' Motions to Dismiss." Dkt. # 81. Plaintiff argues that he should not be required to respond to the defendants' motions to dismiss until the University of Washington produces records he requested under the Public Records Act in November 2017. Plaintiff has asserted a Public Records Act claim in this litigation, and he may well prevail on that cause of action. The existence of a state disclosure law and potential violation thereof does not, however, impact the pleading standards in federal court or alter the rules of civil procedure.

A motion to dismiss challenges the sufficiency of the allegations in the complaint: plaintiff need not prove those allegations at this point in the proceeding, but he must allege enough facts to state a "plausible" ground for relief. Bell Atl. Corp. v.

ORDER DENYING PLAINTIFF'S
MOTION TO CONTINUE

Twombly, 550 U.S. 544, 570 (2007). Plaintiff may not "unlock the doors of discovery" until he has pled "facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action" that "rise above the mere conceivability or possibility of unlawful conduct" and suggest a right to relief that crosses the line between possibility and probability. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013). As defendants point out, plaintiff's motion puts the cart before the horse insofar as he seeks discovery so that he can adequately allege a claim for relief. Twombly and Iqbal do not allow such a procedure.

Plaintiff attempts to get around his pre-filing obligation to possess and allege facts which plausibly state a claim for relief by declaring that the pending motions should be converted to summary judgment motions and that he is entitled to discovery under Fed. R. Civ. P. 56(d). In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). With the exception of the American Board of Thoracic Surgery's evidence related to its personal jurisdiction argument, the documents attached to the motions to dismiss appear to fall into one or more of these categories. If plaintiff believes jurisdictional discovery is necessary to respond to the American Board of Thoracic Surgery's motion, he may restate his Rule 56(d) request in his response to its motion, specifying the discovery needed to present facts essential to his opposition.

| | |
|---|---|
| 1 | For all of the foregoing reasons, plaintiff's motion to continue defendants' |
| 2 | motions to dismiss is DENIED. |
| 3 | |
| 4 | Dated this 14th day of May, 2018. |
| 5 | *[signature]* |
| | Robert S. Lasnik |
| 6 | United States District Judge |

ORDER DENYING PLAINTIFF'S
MOTION TO CONTINUE

-3-