UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN,

    Plaintiff,

v.

UNIVERSITY OF WASHINGTON
MEDICINE, *et al.*,

    Defendants.

CASE NO. C18-0090RSL

ORDER DENYING PLAINTIFF'S
MOTION FOR PRELIMINARY
INJUNCTION

Plaintiff, an osteopathic physician, applied for a congenital cardiac surgery clinical fellowship sponsored by the University of Washington in 2015, 2016, and 2017.[1] His application was rejected each time. After the 2017 rejection, plaintiff wrote to the program director suggesting that his application should be given preferential treatment under RCW 73.16.010 because he is a veteran. The program director responded that his application had been rejected because he did not meet one of the eligibility requirements, namely "[c]ertification or eligibility for certification by the American Board of Thoracic Surgery." Dkt. # 4-1 at 21.

---

[1] Starting with the thoracic surgeon who was selected in 2017 to join the congenital cardiac surgery fellowship program, the fellowship now involves two years of training. The next application cycle will therefore open in 2019.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

Pursuant to RCW 70.41.235:

> A hospital that provides health services to the general public may not discriminate against a qualified doctor of osteopathic medicine and surgery licensed under chapter 18.57 RCW, who has applied to practice with the hospital, solely because that practitioner was board certified or eligible under an approved osteopathic certifying board instead of a board certified or eligible respectively under an approved medical certifying board.

On January 22, 2018, plaintiff filed this lawsuit against various entities involved or associated with the University of Washington School of Medicine alleging that the fellowship program discriminated against him based on the fact that he is board certified by the American Osteopathic Board of Surgery rather than the American Board of Thoracic Surgeons. Plaintiff seeks a preliminary injunction prohibiting the University of Washington from discriminating against osteopathic physicians in violation of RCW 70.41.235 and affirmatively requiring the University (a) to withdraw from the matching program it uses to select residents and fellows, (b) to recognize all certifications as equivalent for purposes of its graduate medical educational ("GME") training programs, and (c) to fill 10.6% of its GME training positions with osteopathic board certified physicians.[2]

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[3] the Court finds as follows:

A preliminary injunction is "an extraordinary remedy that may only be awarded

---

[2] Plaintiff also asserts federal anti-trust claims against defendants, giving rise to federal question and supplemental jurisdiction over his claims.

[3] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED. The Court has considered the non-hearsay evidence submitted with plaintiff's reply memorandum, but is aware that legislative intent cannot be established by the statements of an individual legislator.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must show that: (1) []he is likely to succeed on the merits, (2) []he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [his] favor, and (4) an injunction is in the public interest." Farris v. Seabrook, 677 F.3d 858, 864 (9th Cir. 2012) (citing Winter, 555 U.S. at 20).[4] Because plaintiff seeks a mandatory injunction, *i.e.*, one that would require defendants to take affirmative action rather than simply maintaining the status quo until this matter can be resolved, he has an even higher burden. Plaintiff must show more than a mere likelihood of success on the merits: he "must establish that the law and facts clearly favor [his] position." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). In addition, "mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases . . . ." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009).

Plaintiff has not shown either a likelihood of success on the merits or a likelihood of irreparable harm in the absence of an injunction. When his application for the congenital cardiac surgery fellowship was rejected by the University of Washington School of Medicine, plaintiff was not "licensed under chapter 18.57 RCW" and had arguably not "applied to practice with" a "hospital." Notwithstanding the declaration of Dr. Stanley Flemming,[5] whether the anti-discrimination provision of the statute applies

---

[4] The Ninth Circuit also applies a "sliding scale" approach to the Winter analysis, pursuant to which "a preliminary injunction may be granted when there are serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff, so long as the other two elements of the Winter test are also met." Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir. 2013) (internal quotation marks and citation omitted).

[5] Plaintiff relies upon Dr. Flemming's declaration (Dkt. # 41) and correspondence (Dkt. # 4-1) to prove the intent of the legislature in enacting RCW 70.41.235. Dr. Flemming asserts that he was a member of the state legislature at some unspecified time and

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION
-3-

to graduate-level medical education programs and whether plaintiff was within the class of people protected by the statute are in doubt.

Nor has plaintiff demonstrated a threat of sufficient immediacy to warrant the extraordinary relief of a preliminary injunction. Plaintiff has the burden of demonstrating that he is likely to suffer irreparable harm before a decision on the merits can be rendered. Boardman v. Pac. Seafood Group, 822 F.3d 1011, 1023 (9th Cir. 2016). The only plausible and/or actionable harms plaintiff has identified are the delay in his training caused by his rejection in 2015, 2016, and 2017 and the likelihood that he will be rejected when he applies again in 2019.[6] The injunction plaintiff seeks would not give him the 2018-2020 fellowship position, however, and would therefore not rectify, much less avoid, the harm caused by a delay in training. With regards to the future harm that could arise if plaintiff again applies for the fellowship under the existing eligibility requirements, this case can be resolved before the 2019 application cycle is completed if the parties diligently pursue the litigation.[7]

---

that he helped draft and enact the statute. The legislative history of H.B. No. 1360, which became RCW 70.41.235, shows that Dr. Flemming testified in favor of the bill, but he was neither a sponsor nor a member of the legislature that voted on the bill. See Dkt. # 4-1 at 30-31. See also Washington's on-line legislative records at http://apps2.leg.wa.gov/billsummary?BillNumber=1360&Year=1995&BillNumber=1360&Year=1995. Even if the testimony of a single legislator were indicative of legislative intent (it is not), it appears that Dr. Flemming was simply an interested member of the public when the bill was debated and passed.

[6] Plaintiff cannot justify an injunction based on harms other osteopathic physicians may or may not suffer in other programs. Plaintiff has asserted claims on his own behalf and has not sought to represent anyone else's interests.
In his reply memoranda, counsel asserts that plaintiff "could apply to other UW Programs" and be injured if discrimination against osteopathic physicians is not enjoined immediately. There is no indication that any other career path is of interest to plaintiff, and there is no evidence from which one could infer an intent to pursue a fellowship other than the one in congenital cardiac surgery.

[7] Although not necessary to the resolution of this motion, the Court notes that the third and fourth Winter factors also favor defendants. Plaintiff seeks a sweeping injunction that is untethered to the specific facts of this case or the harms he has experienced. Plaintiff asks the Court to impose a quota system throughout the School of Medicine's GME programs and to prevent it from participating in the national selection processes for residents and fellows without any evidence regarding eligibility criteria or training/experience requirements in any

1   For all of the foregoing reasons, plaintiff's motion for a preliminary injunction
2   (Dkt. # 3) is DENIED.

    Dated this 28th day of June, 2018.

    _____
    Robert S. Lasnik
    United States District Judge

---

program other than congenital cardiac surgery. Upending the GME program and the School's participation in the match would not only harm the University of Washington School of Medicine, but would adversely affect the care offered to the public by its residents and fellows in its affiliated hospitals. These school- and region-wide harms cannot be justified by plaintiff's complaints regarding how one extremely small program (congenital cardiac surgery hosts a single fellow every two years) evaluated his application.

ORDER DENYING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION
-5-