UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN,

              Plaintiff,

      v.

UNIVERSITY OF WASHINGTON
MEDICINE, *et al.*,

           Defendants.

CASE NO.  C18-0090RSL

ORDER GRANTING
PLAINTIFF'S MOTION TO
AMEND COMPLAINT

      This matter comes before the Court on "Plaintiff's Motion for Leave to File a Second Amended Complaint." Dkt. # 107. Plaintiff, an osteopathic physician, applied for a congenital cardiac surgery clinical fellowship sponsored by the University of Washington in 2015, 2016, and 2017. His application was rejected each time. Plaintiff filed this lawsuit against various entities involved in or associated with the University of Washington School of Medicine alleging that the fellowship program discriminated against him based on the fact that he is board certified by the American Osteopathic Board of Surgery rather than the American Board of Thoracic Surgeons. Defendants filed motions to dismiss which have been fully briefed and are now pending. Plaintiff seeks to amend his complaint to respond to some of the criticisms leveled by defendants, to supplement his factual allegations, to clarify some of his claims, and to drop his

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

1  intentional infliction of emotional distress claim.

2      Courts "should freely give leave [to amend] when justice so requires." Fed. R.

3  Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v.

4  Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to

5  amend only if there is strong evidence of undue delay, bad faith or dilatory motive on

6  the part of the movant, repeated failure to cure deficiencies by amendments previously

7  allowed, undue prejudice to the opposing party by virtue of allowance of the

8  amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees

9  v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and

10 alterations omitted). The underlying purpose of Rule 15 is "to facilitate decision on the

11 merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122,

12 1127 (9th Cir. 2000).

13     The provider defendants eschew any of the normal grounds for denying leave to

14 amend, instead arguing that it would be inefficient to consider the proposed amendment

15 before ruling on the pending motions to dismiss. To the extent plaintiff has withdrawn

16 defective claims and/or added factual allegations in an effort to remedy defects

17 identified by defendants, there does not seem to be any benefit in ignoring the proposed

18 alterations. Otherwise the Court would have to rule on claims that are no longer being

19 asserted and/or evaluate the sufficiency of claims based on only some of the facts on

20 which plaintiff intends to rely.

21     The non-provider defendants argue that the proposed amendments would be

22 futile as to the claims asserted against them. If a proposed amendment would be

23 immediately subject to dismissal when challenged under Rule 12(b)(6)), there is no

24 reason to put defendants through the unnecessary expense and delay of responding to

25 the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011). The Court

26

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

1  finds that at least some of the proposed alterations, such as the withdrawal of claims, are

2  not futile and declines to conduct a full merits analysis of plaintiff's antitrust claim in

3  the context of this motion to amend. The Court will evaluate defendants' challenges to

4  plaintiff's antitrust claim and the adequacy of plaintiff's other claims in light of the

5  allegations in the Second Amended Complaint.

6

7       For all of the foregoing reasons, the motion to amend (Dkt. # 107) is hereby

8  GRANTED. The Clerk of Court is directed to accept and file Dkt. # 107-1 as the

9  operative pleading in this matter.

10

11      Dated this 9th day of July, 2018.

12                                          _Mᴺ S Casnik_
                                            Robert S. Lasnik
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT