UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN,

        Plaintiff,

v.

UNIVERSITY OF WASHINGTON MEDICINE, *et al.*,

        Defendants.

CASE NO. C18-0090RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on plaintiff's "Motion for Reconsideration re: Private Right of Action Under RCW 70.41.235." Dkt. # 139. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not met his burden.

Discerning the intent of the legislature regarding a discrete statutory amendment can sometimes be difficult, but the amendment at issue here in no way affected the legislature's clear grant of authority to the Washington State Department of Health to enforce the standards, rules, and regulations established under Ch. 70.41. See RCW 70.41.010 and .130. See also Dkt. # 140-1 at 8 (letter from Washington State Human

ORDER DENYING MOTION
FOR RECONSIDERATION

Rights Commission indicating that the Department of Health is the entity charged with enforcing RCW 70.41). Plaintiff's belated evidence regarding his efforts to lodge a complaint with the Department of Health is not "new" (plaintiff apparently had the correspondence in his possession for months before his responses to the motions to dismiss were due) and does not change the result. The correspondence submitted shows that his complaint of discrimination on the basis of board certification was rejected on two grounds: (1) because the Department does "not have jurisdiction over education or fellowships;" and (2) because the complaint did not involve patient well-being and therefore did not trigger the Department's mandatory duty of investigation under RCW 70.41.155. Dkt. # 140-1 at 2 and 6. The evidence does not show that the Department lacks the to power or authority to investigate discrimination claims under RCW 70.41.235. More importantly, it does not alter the clear and ordinary meaning of the language the legislature used to grant to the Department the authority to enforce the standards set forth in RCW 70.41 through the proscribed powers and procedures.

Finally, the Court made alternative findings disposing of plaintiff's statutory claim on separate grounds. The Court found that even if plaintiff had a private right of action under RCW 70.41.235, his claim would fail because he was not "licensed under chapter 18.57 RCW" at the time his application for the CCS fellowship was denied, nor was he seeking hospital privileges. Dkt. # 136 at 8 n.3. Plaintiff has not asserted, much less shown, manifest error in either of the alternative rulings. Thus, reconsideration of the dismissal of the RCW 70.41.235 claim is not warranted.

Dated this 29th day of November, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION