UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMY CONKLIN,

        Plaintiff,

v.

UNIVERSITY OF WASHINGTON MEDICINE, *et al.*,

        Defendants.

CASE NO. C18-0090RSL

ORDER GRANTING ABTS AND TSDA'S MOTIONS TO DISMISS

This matter comes before the Court on "Defendant Thoracic Surgery Directors Association's Motion to Dismiss Plaintiff's Second Amended Complaint" (Dkt. # 120) and "Defendant American Board of Thoracic Surgery, Inc.'s Motions to Dismiss Second Amended Complaint" (Dkt. # 121).

Plaintiff, a Doctor of Osteopathic Medicine ("DO"), applied for a congenital cardiac surgery ("CCS") fellowship sponsored by the University of Washington School of Medicine in 2015, 2016, and 2017. His application was rejected each time. After the 2017 rejection, the program director informed plaintiff that his application had been rejected because he did not meet one of the eligibility requirements, namely "[c]ertification or eligibility for certification by the American Board of Thoracic Surgery." Dkt. # 4-1 at 21.

ORDER GRANTING ABTS AND
TSDA'S MOTIONS TO DISMISS

Defendant Thoracic Surgery Directors Association ("TSDA") operates a match program through which applicants apply for training residencies and fellowships, including the CCS fellowship to which plaintiff applied. In order to participate in the CCS match program, TSDA requires that applicants be board certified or eligible to be board certified by defendant the American Board of Thoracic Surgery ("ABTS"). Plaintiff was not eligible for certification by the ABTS because he did not complete a course of training accredited by the Accreditation Council for Graduate Medical Education ("ACGME"). Plaintiff alleges that the eligibility requirements ABTS set for board certification and TSDA set for the CCS match impermissibly excluded DOs in violation of federal and state antitrust laws.[1] Plaintiff further alleges that TSDA and ABTS conspired with other defendants to preclude DOs from practicing in certain specialties, such as CCS, in favor of MDs, thereby causing him emotional distress. TSDA and ABTS seek dismissal of all claims asserted against it.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

---

[1] Plaintiff's 2017 application for the University of Washington CCS fellowship was rejected before the match for failure to meet these eligibility requirements.

ORDER GRANTING ABTS AND
TSDA'S MOTIONS TO DISMISS
-2-

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the allegations of the Second Amended Complaint, the submissions of the parties, and the remainder of the record, the Court finds as follows:

**A. Antitrust Claims**

In order to state an antitrust claim under federal law, plaintiff must plead sufficient facts to state a plausible antitrust injury. "Antitrust injury" means "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc., 429 U.S. 477, 489 (1977). For the reasons set forth in the Order Granting in Part Provider Defendants' Motion to Dismiss, plaintiff's federal and state antitrust claims fail as a matter of law.

**B. Civil Conspiracy**

Plaintiff alleges that defendants conspired to violate federal and state antitrust laws and to discriminate against him in violation of RCW 70.41.235. He does not dispute that if, as found above and in the Order Granting in Part Provider Defendants' Motion to Dismiss, he has failed to allege a viable antitrust or statutory claim, his conspiracy claim based on the same conduct fails as a matter of law.

**C. Negligent Infliction of Emotional Distress**

"As with any claim sounding in negligence, where a plaintiff brings suit based on

negligent infliction of emotional distress we test the plaintiff's negligence claim against the established concepts of duty, breach, proximate cause, and damage or injury." Snyder v. Med. Serv. Corp. of E. Wash., 145 Wn. 2d 233, 243 (2001) (internal quotation marks and citation omitted). Plaintiff has failed to adequately allege a breach of any duty TSDA or ABTS owed plaintiff to refrain from violating federal or state antitrust laws.

**D. Declaratory Judgment**

Plaintiff's declaratory judgment claim is based on antitrust violations that he has not adequately alleged.

For all of the foregoing reasons, ABTS and TSDA's motions to dismiss (Dkt. # 120 and # 121) are GRANTED.

Dated this 4th day of December, 2018.

Robert S. Lasnik
United States District Judge